# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Angel Guzman-Garfias,<br><br>　　　　Defendant. | CR-10-0306-TUC-DCB-DTF<br><br>**REPORT AND RECOMMENDATION** |

　　　　Pending before the Court is Defendant Angel Guzman-Garfias's Motion to Dismiss. (Doc. 22.) The government responded (Doc. 26), and Defendant replied and filed a notice of supplemental authority. (Docs. 27, 29.) This matter came before Magistrate Judge Ferraro for oral argument and a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. This matter was submitted following oral argument and taken under advisement.

　　　　Defendant's motion requests dismissal of the indictment based on Defendant's prior expedited removal order being unlawful.[1] The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motion to Dismiss.

## I. FACTUAL BACKGROUND

　　　　On January 29, 2006, the government issued an Order of Expedited Removal as to

---

[1] Defendant labels the motion as one to dismiss enhancement. At oral argument, Defendant clarified that he was seeking dismissal of the indictment.

Angel Guzman-Garfias, pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), after determining he was inadmissable under 8 U.S.C. § 1182(a)(7) because he did not possess a valid visa, reentry permit, border crossing identification card or other valid entry document. (Doc. 26-1.) Defendant was advised that he did not have a right to a hearing or review and he gave a sworn statement that he had no claim to U.S. citizenship and that he did not have legal permission to be in the country. (Doc. 26-2.) In May 2006, Defendant was convicted of transporting illegal aliens and sentenced to one year in prison. (Doc. 26-3.) On January 27, 2007, Defendant was removed from the country pursuant to the January 2006 expedited removal order. (Doc. 26-4.)

On February 17, 2010, the grand jury returned an indictment against Defendant for violating 8 U.S.C. § 1326, re-entering the country after removal. (Doc. 6.)

## II. DISCUSSION

Defendant contends he has a due process right to challenge his 2007 expedited removal in this § 1326 proceeding. This argument is based on a Supreme Court holding that a defendant may collaterally attack a prior deportation order in a criminal proceeding that relies upon the deportation as a predicate element of the offense, if there was no judicial review available at the time of the deportation. *United States v. Mendoza-Lopez*, 481 U.S. 838, 839 (1987) (basing its decision on the Fifth Amendment Due Process Clause). To succeed on a collateral attack within a § 1326 criminal proceeding, a defendant must establish:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). A deportation order is "fundamentally unfair" if the defendant's due process rights were violated in the deportation proceeding and he was prejudiced by the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). The alien

- 2 -

1 must prove prejudice by showing there was a plausible ground of relief available but for the
2 deprivation of his rights.  *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994).

3       Defendant fails to clearly allege or prove that his due process rights were violated in
4 the expedited removal proceeding or that he was prejudiced.  First, the Court assesses what
5 process Defendant was entitled to in his removal proceeding.  Based on the facts to which
6 Defendant attested in his interview, he was subject to expedited removal because he did not
7 have a valid entry document.  8 U.S.C. §§ 1225(b)(1)(A)(i), 1182(a)(7).  He did not, and does
8 not, assert that he was not subject to expedited removal because he was seeking asylum or
9 had a fear of persecution if returned to Mexico.  8 U.S.C. § 1225(b)(1)(A)(i), (ii).  Defendant
10 agreed at oral argument that the government was authorized to use expedited removal and
11 that nothing in the law precluded expedited removal.

12       "Whatever the procedure authorized by Congress is, it is due process as far as an alien
13 denied entry is concerned."  *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544
14 (1950); *Pazcoquin v. Radcliffe*, 292 F.3d 1209, 1218 (9th Cir. 2002).  An alien subject to
15 expedited removal shall be accorded the following process: (a) the examining officer shall
16 make a record of the facts and the alien's statement using forms I-867A and I-867B; (b) the
17 alien shall be advised of the charges on the Notice and Order of Expedited Removal form and
18 be given an opportunity to respond; (c) the Notice and Order shall be approved by a
19 supervisor; and (d) the alien shall be served with the Notice.  8 C.F.R. § 235.3(b)(2)(i) &
20 (b)(7).  Defendant does not contend that he was not provided this process and the exhibits
21 submitted by the government indicate this process was followed.  (Docs. 26-1, 26-2.)  The
22 governing statutes and regulations provide that an alien subject to expedited removal is not
23 entitled to a hearing before an immigration judge or an appeal of the removal order.  8 U.S.C.
24 § 1225(b)(1)(A) & (C); 8 C.F.R. § 235.3(b)(ii).  Defendant was advised that he had no right
25 to a hearing or appeal.  (Doc. 26-2.)

26       Defendant acknowledges that the government had the right to implement an expedited
27 removal and, he stated more than once at oral argument, that the removal order was valid in

28

- 3 -

1 the administrative context. He argues, however, that in order to use the expedited removal
2 as an element of an offense in a subsequent criminal proceeding he should have been taken
3 before an immigration judge and provided additional rights. There is no legal foundation for
4 this argument – that Defendant was entitled to different process because he might later return
5 to the country and be subject to criminal prosecution. The question is whether the removal
6 process was authorized and properly executed. The answer is affirmative. Defendant has
7 not demonstrated there was any procedural defect in his expedited removal proceeding.

8 Defendant also fails to establish that he was prejudiced. Despite conceding that the
9 process used was proper, Defendant contends that if he had been taken before a judge he
10 would have been notified that he could request voluntary departure and that he had a right
11 to appeal. He contends that he could have obtained a voluntary departure because he did not
12 have any criminal convictions at the time. Defendant cites no authority entitling him to a
13 voluntary departure, which to the extent it exists is not a remedy or right but an option within
14 agency discretion. Further, he fails to take into account that he was held for criminal
15 prosecution, thus, he could not have voluntarily departed. Similarly, Defendant cites no
16 remedy he could have received if he had appealed. Defendant has not shown there was a
17 plausible ground for relief available.

18 Defendant presented an alternative argument that his prejudice is based on now being
19 subject to § 1326 because of the prior removal. This misconstrues the governing law. The
20 courts are clear that the prejudice required to demonstrate fundamental unfairness must arise
21 from the alleged error in the removal proceeding such that he might not have been subject
22 to removal. Defendant has provided no argument that he was not subject to expedited
23 removal at the time, thus, there is no prejudice in being subjected to § 1326.

24 Despite *Mendoza-Lopez*, the government argues that the Court does not have
25 jurisdiction to hear Defendant's collateral attack on his expedited removal order. This
26 argument is based on 8 U.S.C. § 1225(b)(1)(D), which purports to limit collateral attacks on
27 expedited removals: "[i]n any action brought against an alien under . . . section 1326 of this

28
- 4 -

title, the court shall not have jurisdiction to hear any claim attacking the validity of an order of removal entered under subparagraph (A)(i) or (B)(iii)." The Court is not aware of any case resolving the apparent conflict between this statutory provision and *Mendoza-Lopez*, nor one distinguishing *Mendoza-Lopez* as inapplicable to expedited removals. The government relies on *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 819 (9th Cir. 2004), to support its position. That case recognized the limitation on an alien's right of judicial review based on a separate statutory provision, 8 U.S.C. § 1252(a)(2)(A), and used § 1225(b)(1)(D) only as an example of Congress' general intent to limit collateral attack on removal orders. *Id.* at 818-19 & n.18. Because the Court concludes that Defendant's expedited removal proceeding did not violate his due process rights and was not fundamentally unfair, the Court does not reach the jurisdictional question under § 1225(b)(1)(D).[2] *See United States v. Lopez-Vasquez*, 227 F.3d 476, 486 (5th Cir. 2000) ("We hold that section 1225(b)(1)(D) does not preclude the . . . court from determining that the requisites of a *Mendoza-Lopez* claim as asserted . . . are not met."); *United States v. Lopez-Garcia*, 2009 WL 3244702 (S.D. Cal. 2009) (finding that § 1225(b)(1)(D) did not preclude applying the protections of *Mendoza-Lopez*).

### III. RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Dismiss (Doc. 22).

---

[2] The Court also need not reach Defendant's argument that the Court has jurisdiction to review the constitutional challenge to his expedited removal proceeding pursuant to the Real ID Act of 2005. Even if the Court were to consider this argument, the Real ID Act did not amend the statutory provisions governing judicial review of expedited removal orders, which is limited to that allowed by 8 U.S.C. § 1252(e). *See* 8 U.S.C. §§ 1252(a)(2)(A)(i), (ii), (iv), (e)(1)(A), (g). Further, the provision on which Defendant relies, § 1252(e)(3), has no application to his case. It allows for constitutional and legal challenges only to statutes, regulations and policies, and such a case must be brought in the district court for the District of Columbia (within sixty days of the challenged provision first being implemented). 8 U.S.C. § 1252(e)(3).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR-10-306-TUC-DCB**.

DATED this 27th day of September, 2010.

D. Thomas Ferraro
United States Magistrate Judge