WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | CR 10-306 TUC DCB (DTF) |
| v. ) | |
| ) | **O R D E R** |
| Angel Guzman-Garfias, ) | |
| ) | |
| Defendant, ) | |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 31) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Dismiss (doc. 22).

## MAGISTRATE JUDGE'S RECOMMENDATION

On September 27, 2010, Magistrate Judge D. Thomas Ferraro issued a R&R in regard to Defendant's Motion to Dismiss the indictment. Judge Ferraro found that Defendant's expedited removal, pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), did not violate his due process rights under the Constitution, and he suffered no prejudice.

The only objection to Judge Ferraro's R&R was filed by the Defendant. He argues that the Magistrate Judge erred in finding that the removal order, which was not issued by a judge or judicial officer, could be used to enhance the charge against him, and the enhanced charge reflects prejudice did result from the removal order.

The Government has responded to the Defendant's Objection. The matter is fully briefed and ready for disposition by the Court.

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, the parties' briefs considered by the Magistrate Judge filed in respect to the Motion to Dismiss, including the Defendant's Post-Hearing Notice of Supplemental Legal Authority.

## OBJECTIONS

The Defendant agrees with the Magistrate Judge's conclusion that the administrative procedure for expedited removal of an alien by an immigration officer is a valid method of removal. "But the defense does not agree that such a removal may be used in a subsequent criminal proceeding to enhance the charge against the defendant." (Objection (doc. 33) at 3). Because the removal order was not issued by a judicial officer, "it does not qualify to be used to enhance a criminal charge under 8 U.S.C. § 1326." *Id.* at 4.

Defendant objects to the Magistrate Judge's finding of no prejudice. He argues that the administrative removal subjects him to prosecution, pursuant to § 1326, for illegal reentry with a sentence of 30 months or more, instead of being prosecuted for illegal entry, pursuant to § 1325, and facing a 6-month sentence. *Id.* at 5-6. Without stating that he was eligible for a voluntary departure, he suggests that he was prejudiced because the immigration agent failed to advise him about fast-track voluntary departure, which is available to individuals removed under section 1229. *Id.* at 6. Defendant was removed under section 1225, but he argues individuals such as himself are eligible for voluntary departure based on the concept of equal protection. *Id.* at 7.

The Government responds that the agency has the discretion to return aliens voluntarily and in this case chose not to do so. The Government submits the Defendant's argument is, essentially, that expedited removals may never be used as a prior removal in § 1326 cases because they are always administrative acts taken by immigration agents. Instead, the Government argues that if it follows the required procedures established for expedited removals, they will always be valid. (Response (doc. 36)). Here, Defendant admits the Government followed the procedures for expedited removal.

## DISCUSSION

On January 29, 2006, the Defendant was removed pursuant to 8 U.S.C. § 1225(b)(1)(A)(i), which provides for expedited removal "if an immigration officer determines that an alien . . . who is arriving in the United States or is described in clause iii is inadmissible . . . , the officer shall order the alien removed from the United States without

- 3 -

further hearing or review unless the alien indicates either an intention to apply for asylum [] or a fear of persecution." An alien is removable under 8 U.S.C. § 1225, who has not been admitted or paroled into the United States and who has not affirmatively shown he was physically present in the United States continuously for the previous 2-year period. 8 U.S.C. § 1225(b)(1)(A)(iii)(II). A removal in accordance with subparagraph (A)(i) . . . is not subject to administrative appeal," unless the alien claims under oath to have been lawfully admitted for permanent residence, to have been admitted as a refugee or to have been granted asylum. 8 U.S.C. § 1225(b)(1)(C). "In any action brought against an alien under section 1325(a) of this title or section 1326 of this title, the court shall not have jurisdiction to hear any claim attacking the validity of an order of removal entered under subparagraph (A)(i) . . . ." 8 U.S.C. § 1225(b)(1)(D).

In spite of the clear legislative language in 8 U.S.C. § 1225, which precludes judicial review of Defendant's removal, the Magistrate Judge correctly found the Defendant could collaterally attack the legitimacy of the removal order, pursuant to *United States v. Mendoza-Lopez*, 481 U.S. 838, 837-839 (1987). "[W]here a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding. . . . This principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense. . . . [A]t a minimum, that review [may] be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." *Id.* (citations omitted).

Codifying *Mendoza-Lopez*, section 1326(d) limits collateral attacks on underlying deportation orders "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

As the Magistrate Judge noted"[a] deportation order is "fundamentally unfair' if the defendant's due process rights were violated in the deportation proceeding and he was prejudiced by the defects. (R&R at 2) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)). To prove prejudice, the alien must prove there was a plausible ground for relief available but for the deprivation of his rights. *Id.* at 2-3 (citing *United States v. Leon-Leon*, 35 F.3d 1428, 1432 (9th Cir. 1994)).

Like the Magistrate Judge, this Court starts by assessing "what process Defendant was entitled to in his removal proceeding." (R&R at 3.)

Defendant was arrested on January 28, 2006, and charged with violating 8 U.S.C. 1324(a)(1)(ii) by illegally transporting aliens within the United States. On January 29, he was administratively processed for expedited removal for being inadmissible because he did not possess or present a valid immigration entry document. On May 30, 2006, he was convicted and sentenced to 12 months imprisonment, with credit for time served. Subsequent to serving his sentence, he was removed on January 27, 2007. (Government's Response to Motion to Dismiss (doc. 26)).

"'Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'" (R&R at 3) (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950); *see also Pazcoquin v. Radcliffe*, 292 F.3d 1209, 1218 (9th Cir. 2002)).[1] The procedural due process inquiry is limited to whether immigration

---

[1] To the extent *Pazcoquin* relied on *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1994), the Court notes *Barrera-Echavarria* has been called into question for its due process distinction based on "entry fiction," which authorizes courts to treat an alien in exclusion proceedings as one standing on the threshold of entry, and, therefore, not entitled to the constitutional protections afforded all others within the United States, whether here legally or not. *Xi v. I.N.S.* 298 F.3d 832, 838 (9th Cir. 2002) (rejecting distinctions based on entry fiction after IIRIRA because it dropped the concept of excludability, therefore, for purpose of indefinite detention, inadmissible alien is entitled to same reasonable time limitation as a deportable alien); *see also Wong v. United States v. I.N.S.*, 373 F.3d 952, 973-75 (9th Cir. 2004) (affirming entry fiction as determinative of procedural due process, but it does not categorically preclude substantive due process claims); *Alvarez-Garcia v. Ashcroft,* 378 F.3d 1094, 1098 (9th Cir. 2004*)* (applying entry fiction to due process claim challenging procedures afforded in admission

- 5 -

authorities complied with the procedures set out in 8 U.S.C. § 1225. It is undisputed that the procedures established for expedited removal were followed in this case.

It is undisputed that expedited removal of an alien, pursuant to 8 U.S.C. § 1225, does not afford administrative or judicial review. Consequently, the Defendant has satisfied the first requirement, pursuant to 8 U.S.C. § 1326(d), for collaterally challenging the order of removal. "That Congress did not intend the validity of the deportation order to be contestable in a § 1326 prosecution does not end our enquiry." *Mendoza-Lopez*, 481 U.S. at 2154-55. The Court must consider whether the Defendant's due process rights were violated by the deprivation of judicial review and whether any such violations prejudiced the Defendant.

Collateral review is not limited to procedural irregularities. For example, "there is a violation of due process when the government affirmatively misleads an alien as to the relief available to him. *See Walters v. Reno,* 145 F.3d 1032, 1043 (9th Cir.1998) (holding that giving "confusing" and "affirmatively misleading" forms to immigrants charged with document fraud deprived the recipients of their due process rights); *see also Ubaldo-Figueroa,* 364 F.3d at 1050 (due process violated where IJ failed to inform alien of his eligibility for relief under § 212(c)); *United States v. Ortiz-Lopez,* 385 F.3d 1202, 1204 (9th Cir.2004) (due process violated where IJ failed to inform alien of eligibility for voluntary departure). Our circuit law is also well established that § 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief. *See, e.g., United States v. Pallares-Galan,* 359 F.3d 1088, 1098 (9th Cir.2004); *Ortiz-Lopez,* 385 F.3d at 1204 n. 2; *Ubaldo-Figueroa,* 364 F.3d at 1050." *United States v. Arias-Ordonez*, 597 F.3d 972, 977 (9th Cir. 2010).

Just days after the hearing, the Ninth Circuit issued *United States v. Ramos*, 623 F.3d 672 (9th Cir. 2010), which involved a motion to dismiss a charge of illegal reentry, pursuant to 8 U.S.C. § 1326, based on alleged Fifth Amendment due process violations related to an

---

process).

immigration judge's duty to inform the alien of his eligibility for relief from a removal order and related constitutional rights, such as the right to counsel and to appeal. *Id.* at 681. The court criticized a "stipulated removal" order issued by an immigration judge based on an inquiry conducted by an immigration officer, with minimal Spanish-speaking ability, who was responsible for informing the alien of his constitutional rights, including his potential eligibility for relief. *Id.* at 682. Noting that even judges have difficulty understanding the confusing immigration laws and various avenues of relief from removal, the court questioned the ability of the immigration officer to perform this function. Under the circumstances of the case, Ramos' waiver of his right to counsel and to appeal was not made intelligently, knowingly or voluntarily and, therefore, violated the Fifth Amendment Due Process Clause. *Id.* Ultimately, however, the challenge to the indictment failed because, statutorily, Ramos was ineligible for relief from the removal order. The court held the motion to dismiss failed because defendant failed to show any prejudice. *Id.* at 684.

## CONCLUSION

The Magistrate Judge drew the same conclusion, here, and denied the Motion to Dismiss because Defendant failed to show any prejudice. The Defendant does not complain of any substantive due process violation, except for the issuance of the removal order by an immigration officer instead of a judicial officer. Even if the Court held this violated his due process right to be informed of eligibility for relief from the removal order, his due process claim fails because he makes no showing of any plausible grounds for relief. Defendant asserts he had no criminal conviction on January 29, 2006, (Objection at 6), but fails to mention he was under arrest, and subsequently charged, convicted, and incarcerated for illegally transporting aliens within the United States. The Magistrate Judge correctly found that because he was being held for criminal prosecution, "he could not have voluntarily departed." (R&R at 4.) Defendant provides no case law to support his assertion that prejudice is "based on now being subject to § 1326 because of the prior removal." *Id.* Neither the Magistrate Judge nor this Court found any law to support such a measurement of prejudice.

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Dismiss

**Accordingly,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (doc. 31) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (doc. 22) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge D. Thomas Ferraro for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

DATED this 6th day of December, 2010.

David C. Bury
United States District Judge